**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

      Plaintiffs,

v.                                                      Case No: 8:22-cv-0321-KKM-LSG

RONALD PANELLA, et al.,

      Defendants.

_____

## ORDER

The plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. sued thirty-three defendants, alleging various causes of action for allegedly fraudulent insurance transactions. *See* Compl. (Doc. 1). I dismissed the action under Rule 41(a)(2) when each of the remaining defendants had been dismissed or had settled with the plaintiffs. (Doc. 123). The plaintiffs now move to reopen the case and ask that I enforce the settlement agreements as to defendants Gulf Bar Care LLC, Rosmery Linares-Chi, Serenity Medical Rehab, Inc., and Liamarelis Hurtado-Hernandez. Mots. to Reopen (Docs. 125, 129). Because the plaintiffs do not specify on what basis I may reopen the case and, even if they did, I do not have jurisdiction to enforce the settlement agreements, I deny the motions.

I entered dismissal orders, (Dism. Orders) (Docs. 74, 105), following the notices of settlement, (Docs. 72, 103), as to the defendants named in the motions to reopen. Because there were no motions to reopen in the 30-day period to do so set by the dismissal orders, the dismissals are with prejudice. *See* Dism. Orders.

1

Importantly, the dismissal orders did not embody the settlement contract or expressly retain jurisdiction to enforce the settlement agreements. *See id*.

The motions to reopen do not state a basis on which I may reopen the case, but I liberally construe the motions as requests for relief from a judgment under Federal Rule 60(b). In relevant part, under Rule 60(b), a court may grant relief from a judgment for "mistake, inadvertence," or "excusable neglect." FED. R. CIV. P. 60(b)(1). The motions provide no such basis. *See* Mots. to Reopen.

Even if the plaintiffs could establish a basis for relief from a judgment, after dismissal of a case, a federal court cannot reopen the case and enforce the parties' settlement agreement absent a specific retention of jurisdiction. A settlement agreement is "a private contract arising out of a case in federal court and 'ha[s] nothing to do with' the underlying case." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) (alteration in the original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)). "Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

The intention of the parties, as evidenced by their settlement agreement, does not change the analysis. The plaintiffs note that the parties "agreed to this Court's retention of jurisdiction to enforce the terms of the Settlement Agreement[s]." Mots. to Reopen at 4, 5. But "[t]o retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising*, 677 F.3d at 1279. In *Anago Franchising*, for example, "[t]he district court did not retain jurisdiction to enforce the Settlement

2

Agreement" because the district court did not issue an order retaining jurisdiction "before the case was dismissed." *Id.* at 1280–81.

To be sure, prior to dismissal, a federal court may retain jurisdiction to enforce a settlement agreement by "embody[ing] the settlement contract in its dismissal order (or, what has the same effect, retain[ing] jurisdiction over the settlement contract) if the parties agree." *Kokkonen,* 511 U.S. at 381–82. "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382. The dismissal orders neither embodied the settlement contract nor expressly retained jurisdiction over the settlement contract. *See* Dism. Orders. Thus, the plaintiffs must allege an independent basis for federal jurisdiction.

The Eleventh Circuit has held that "a district court has jurisdiction to enforce a settlement agreement . . . when one party refuses to abide by the agreement prior to dismissal" of the case. *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987). Here, however, the plaintiffs moved to enforce the settlement *after* I dismissed the underlying case. *See* Mots. to Reopen.

The complaint itself must allege a basis for federal jurisdiction, *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013), and a motion cannot raise a claim for relief that is outside of the scope of the complaint, *see Gov't Emps. Ins. Co. v. Glassco, Inc.*, 58 F.4th 1338, 1344 (11th Cir. 2023) (holding that the claims contained in the complaint determine the subject matter of the litigation, and an appeal lies only when all the complaint's claims are resolved). The plaintiff's complaint neither mentions its breach-of-settlement claim nor alleges a basis for federal

jurisdiction over that claim. *See* Compl. Therefore, the motions to reopen are due to be dismissed.

Accordingly, the following is **ORDERED:**

1.   The plaintiff's Motions to Reopen Case and Enforce Settlement Agreement, (Docs. 125, 129), are **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on December 19, 2024.

Kathryn Kimball Mizelle
United States District Judge